UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dean Lowe,

      Plaintiff,

          Civ. No. 07-3513 (RHK/JSM)
          **ORDER**

v.

Continental Casualty Company,

      Defendant.

---

  This matter is before the Court *sua sponte*.

  The parties in this ERISA case have cross-moved for summary judgment, and a hearing thereon is currently scheduled for April 7, 2009. The cross-motions raise procedural issues concerning exhaustion and remand and, in the Court's view, other concerns that have not been addressed by the parties. In light of these difficult issues, the Court finds it advisable to allow the parties to discuss settlement before addressing the pending cross-motions. Indeed, as suggested by the questions below, the Court is troubled by the exhaustion issue and believes that remand might be an appropriate remedy in this case. Were the parties to stipulate to remand at the settlement conference, however, or reach some other compromise, many of the arguments in the cross-motions (if not the entire case) could be rendered moot.

  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the hearing currently scheduled for April 7, 2009, is **CONTINUED** to

8:00 a.m. on May 7, 2009, the day immediately following the parties' scheduled settlement conference.  At the hearing, counsel should be prepared to answer the following questions:

1.	Is the decision at issue in this case (a) Hartford's decision to terminate Plaintiff's long-term disability benefits or (b) its decision not to consider Plaintiff's appeal thereof because, in its view, the appeal was untimely?  Or both?

2.	The Plan states that a claimant must take an administrative appeal within 180 days of his *receipt* of written notice of the denial of a claim.  What evidence before the Court indicates that Plaintiff actually received the June 15, 2006 letter terminating his benefits and, accordingly, "started the clock" on this 180-day period?

3.	Why should the Court exclude Plaintiff's affidavit, in which he avers that he did not receive the June 15, 2006 letter from Hartford?  Is Hartford aware of any case in which such an affidavit was excluded?  But see Hebert v. Aetna Life Ins. Co., 96 F. Supp. 2d 540, 542 (E.D. La. 1998) (considering plaintiff's assertion that she did not receive termination letter from plan administrator); see also Rakoczy v. Travelers Ins. Co., 914 F. Supp. 166, 171 (E.D. Mich. 1996) (considering assertion that plaintiff sent letter to plan administrator, who claimed to have never received it).[1]

4.	If the Court finds that a genuine issue exists regarding whether Plaintiff received the June 15, 2006 letter, what is the appropriate next step procedurally?  For

---

[1] Hartford cites several cases to argue that the Court is limited to the administrative record in determining whether Plaintiff exhausted, but the Court's initial review of those cases indicates that each addressed the exclusion of documents concerning *the merits* of the particular claim for benefits, not whether the claimant had properly exhausted.

example, would that issue proceed to a trial?  Would remand be appropriate?  Or would the Court consider Plaintiff's claim for benefits on the merits?  See Hebert, 96 F. Supp. 2d at 542 (remanding claim to administrator); Rakoczy, 914 F. Supp. at 172 (same).

5.   Was Plaintiff's "untimely" appeal sufficient to exhaust?  See Abdel v. U.S. Bancorp, 457 F.3d 877, 881 (8th Cir. 2006) (noting that untimely appeal "may have been sufficient to meet the exhaustion requirement even though [the plaintiff] did not initially pursue her internal remedies in a timely manner").

6.   If the Court concludes that Plaintiff has properly exhausted, why should it consider the merits of Plaintiff's claim for benefits rather than remanding to Hartford to consider Plaintiff's appeal?  Wouldn't remand in that situation satisfy Congress's directive that "plan fiduciaries, not the federal courts, . . . have primary responsibility for claim processing"?  Nessell v. Crown Life Ins. Co., 92 F. Supp. 2d 523, 527 (E.D. Va. 2000).

7.   Neither party has addressed Hartford's counterclaim.  How does the counterclaim impact the cross-motions?  Would remand be appropriate, as Hartford argues (in the alternative), given the counterclaim?  If so, what would happen to the counterclaim while the (remanded) claim was pending before Hartford?

Dated: March 20, 2009                                s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge